IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § § § § § | |
| vs. | CASE NO. 6:23-CR-00038-JDK-JDL |
| ROBERTO RAY DURAN (2) | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On January 22, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Possession of Animal for Participating in Animal Fighting Venture, Aiding and Abetting, a Class D felony, Defendant Roberto Ray Duran was sentenced on March 1, 2024, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of II, was 15 to 21 months. The Court sentenced Defendant to an imprisonment term of 18 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol restrictions, drug after-care, acquire a high school equivalency certificate, and pay a $100.00 special assessment. Defendant completed his term of imprisonment and started his term of supervised release on May 10, 2024.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 2, 2024, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant provided urine specimens on November 4, 2024; November 14, 2024; October 3, 2024; and September 30, 2024 that tested positive for methamphetamine.

2. **Allegation 2 (special condition): The defendant must obtain a high school equivalency certificate.** It is alleged that Defendant has not made any efforts to acquire his high school equivalency certificate.

3. **Allegation 3 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to provide random urine specimens as required of the NAPP Random Drug Testing Program on November 22, 2024 and October 31, 2024.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine, failing to acquire a high school equivalency certificate, or failing to provide random urine specimens, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide a guideline imprisonment range for a Grade C violation of 4 to 10 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On January 22, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 8 months, to be followed by a 12-month term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months, to be followed by a 12-month term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months, to be followed by a 12-month term of supervised release. The term of supervised release shall include the previously ordered conditions in addition to the following new conditions: (1) the defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption; (2) the defendant shall not attempt to obstruct or tamper with the testing methods; and (3) the defendant shall participate in workforce development programs or other related services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupation/career development or self-directed learning courses, including but not limited to assessment and testing, education, instruction,

training classes, career guidance, job search and retention services until successfully discharged from the program, and the defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months, to be followed by a 12-month term of supervised release.

So ORDERED and SIGNED this 22nd day of January, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE