**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:23-CR-00038-JDK-JDL-2** |
| **v.** | § | |
| | § | |
| | § | |
| **ROBERTO RAY DURAN,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 20, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Roberto Ray Duran. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of an Animal for Participation in an Animal Fighting Venture, Aiding and Abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of II, was 15 to 21 months. On March 1, 2024, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 18 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol restriction, drug after-care, acquiring a high school equivalency certificate, and payment of a $100 special assessment fee. On September 5, 2025, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division. On

1

September 16, 2025, the terms of Defendant's supervision were modified to include mental health treatment.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about September 5, 2025, when Defendant submitted a urine sample that tested positive for methamphetamine and verbally admitted use. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, as evidenced by Defendant's admission and positive drug test, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using a controlled substance, asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 10 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 10 months with no period of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCC Texarkana, TX, if

available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of April, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE